**Xia ZHANG, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–71866.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2005.

Decided May 18, 2005.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

David Z. Su, Esq., Law Offices of David Z. Su, El Monte, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Patricia M. Corrales–Talleda, Esq., U.S. Department of Justice Civil Division/Immigration Litigation, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Louis J. Virelli, III, Esq., U.S. Department of Justice Commercial Litigation Frauds, Washington, DC, for Respondent.

Before: THOMAS and BERZON, Circuit Judges, and MAHAN,** District Judge.

MEMORANDUM ***

Xia Zhang petitions for review of an order by the Board of Immigration Appeals ("BIA") affirming without opinion the immigration judge's ("IJ") order denying Zhang's application for asylum, withholding of removal, and protection under the Convention Against Torture. The IJ denied Zhang's application for lack of credibility. We grant the petition for review.

I

When the BIA affirms an IJ decision without opinion, we review the decision of the IJ for substantial evidence. *Zi Lin*

---

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Chen v. Ashcroft,* 362 F.3d 611, 616 (9th Cir.2004). Zhang claims the Chinese government persecuted her by arresting her for practicing Christianity and subjecting her to a forced abortion and IUD insertion. The IJ addressed each ground separately, finding both of Zhang's claims not credible.

We independently evaluate each ground cited by the IJ for an adverse credibility finding. *Wang v. Ashcroft,* 341 F.3d 1015, 1021 (9th Cir.2003). An IJ must support an adverse credibility determination with specific reasons for disbelief. *Bandari v. INS,* 227 F.3d 1160, 1165 (9th Cir.2000). These reasons "must be substantial and bear a legitimate nexus to the finding. Thus, there must be a rational and supportable connection between the reasons cited and the conclusion that the petitioner is not credible." *Aguilera–Cota v. INS,* 914 F.2d 1375, 1381 (9th Cir.1990).

## II

■ Substantial evidence does not support the IJ's credibility conclusion regarding religious persecution. The IJ's primary justification for disbelief was Zhang's failure to tell a sufficient number of Bible stories. Zhang testified, however, that her group lacked Bibles to study and primarily focused on testimonials rather than Bible lessons. The IJ's preoccupation with Bible knowledge bore no legitimate nexus to credibility and the BIA's adoption of the IJ's decision was error. Whether Zhang had detailed knowledge of Christianity cannot be determinative of her credibility. The other inconsistencies noted by the IJ reveal nothing about Zhang's fear of persecution and are not an adequate basis for the IJ's adverse credibility finding. *See Osorio v. INS,* 99 F.3d 928, 931 (9th Cir. 1996) ("[T]he omission of details from an applicant's earlier testimony cannot serve as the basis for an adverse credibility find-

ing."); *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988) (Minor inconsistencies that "reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding.").

## III

■ The IJ's adverse credibility finding regarding Zhang's forced abortion and IUD insertion is also unsupported by substantial evidence. The IJ's determination rests upon inconsistencies regarding the circumstances of Zhang's abortion. Although it is not contested that Zhang was forced to have an abortion, the IJ found her incredible based on discrepancies regarding when Zhang went to the countryside to have her child, when she was discovered, and when she was forced to have an abortion. However, the hearing transcript strongly suggests that the asserted inconsistencies were due to the IJ's misunderstanding of the testimony, not Zhang's lack of credibility. This court has "long recognized that asylum hearings frequently generate mistranslations and miscommunications." *Maini v. INS,* 212 F.3d 1167, 1177 (9th Cir.2000). Further, these disparities, like those within Zhang's religious testimony, are not sufficiently related to Zhang's past persecution to provide an adequate basis for the IJ's adverse credibility finding.

## IV

■ Zhang's credible testimony of the 36–hour detention and forced abortion and IUD insertion establish past persecution. Further, credible testimony of forced abortion entitles Zhang to asylum and withholding of removal. 8 U.S.C § 1101(a)(42); *Qu v. Gonzales,* 399 F.3d 1195, 1203 (9th Cir.2005). Therefore, remand to the BIA is not necessary to consider whether

Zhang's religious persecution justifies withholding of removal.

PETITION GRANTED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.